## EBY v CITY NAT'L BANK & TRUST CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1142.  Decided Jan 16, 1933

Heald, Zimmerman, Clark & Machle, Dayton, for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, Hubert A. Estabrook, Dayton, Sidney Kusworm, Dayton, D. W. Iddings, Dayton, and Norman Weisman for defendant in error.

### BY THE COURT

The question for consideration is, was the Bank under the circumstances disclosed by the record a purchaser of the note in good faith?  The court was not justified in directing the verdict if there was a scintilla of evidence showing a lack of good faith in this transaction upon the part of the Bank.  If such scintilla of evidence existed then it was a question for the jury and not for the court.

It is conceded in the record that the plaintiff in error executed this note to the Shultz Company for the purpose of having the same discounted and using the money realized from such discount in the purchase of a new automobile for said Eby; that when the automobile was purchased said Eby was to have first mortgage thereon.  There is no dispute that he actually received nothing for the note.

From a thorough reading of this record we cannot escape the conclusion but that the conduct of the officers of the Bank in their dealing with this note and the testimony of Eby and the witness, Gross, presents a scintilla of evidence showing want of good faith upon the part of the Bank in this transaction and required a submission of the case to the jury under proper instructions from the court.  To quote from the testimony with any effect would require a repetition of substantially all the testimony.  This is not practical.  As above stated, we think the manner of handling this transaction upon the part of the Bank and the direct testimony of Eby and the witness, Gross, to the effect that Gross at the request of Eby called up the Branch Bank and advised them that Eby desired

this note returned presents a scintilla of evidence showing the want of good faith. It is not a question as to whether the testimony of Gross is to be accepted, as the question of credibility is for the jury. Gross on page 60 of the record testified as follows:

"He (Mr. Eby) asked me to call Bank. I called the Market Bank and asked for Mr. Scharrer. I think they said he was on his vacation. I talked to someone in the Bank, asked for someone in charge. Explaining there had been a note executed. Giving date of the execution by Webb Eby to the Schultz Company and that note Mr. Eby wanted it back, didn't want them to do anything with it. I was demanding that note. Whoever it was said they could do nothing about it, Mr. Scharrer was on his vacation out of the city. I would have to see him. Following that I told Mr. Eby there was nothing he could do until Mr. Scharrer's return."

From a consideration of the entire record we cannot escape the conclusion but that when all the facts and circumstances disclosed by the record are considered that a scintilla of evidence showing the want of good faith is disclosed and that it became a question of fact for the jury to determine whether the Bank was a purchaser in good faith. We find no other error in the record which we consider prejudicial to plaintiff in error.

The judgment of the lower court will therefore be reversed and the cause remanded for new trial.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.